The Honorable Jay Bradford The Honorable Frank Willems Co-Chairmen, Joint Interim Committee on State Agencies and Governmental Affairs State Capitol, Room 315 Little Rock, Arkansas 72201
Dear Senator Bradford and Representative Willems:
This is in response to your request for an opinion concerning the National Voter Registration Act of 1993, Pub.L. No. 103-31,107 Stat. 77 (1993), which was passed by Congress in an effort to make voter registration procedures in federal elections uniform throughout the states. Prior to the passage of this act, each state established its own rules or guidelines for registering to vote in federal elections.
Under the National Voter Registration Act of 1993, states are required to establish uniform registration procedures which will be used to determine voter eligibility in federal elections. Such procedures are to be in addition to any other method of voter registration currently provided for under state law and are to include making voter registration available by mail, by application in person at all offices that provide public assistance, as well as other designated agencies, and by application at the time an individual applies for a motor vehicle driver's license. See generally National Voter Registration Act, Pub.L. No. 103-31, §§ 4-7, 107 Stat. 77, 78-82 (1993).
As noted in your request, an amendment to the Arkansas Constitution will be necessary in order to comply with the provisions of the National Voter Registration Act, as some of the Arkansas constitutional provisions regarding voter registration are in conflict with the act. Amendment 51 to the Arkansas Constitution sets forth the current procedures required for voter registration in both state and federal elections. One such procedure is that an individual who wishes to register to vote must complete an affidavit of registration in which he signs an oath in person in front of a voter registrar. See Ark. Const. amend. 51, § 6. This requirement is in conflict with the National Voter Registration Act, which, as previously stated, allows individuals to register by mail, by application when applying for a motor vehicle driver's license, and by application at any office that provides public assistance, as well as at other designated agencies. Therefore, in order for Arkansas to comply with the act, Amendment 51 to the Arkansas Constitution must be amended. Without such an amendment, Arkansas would have to maintain separate registration rolls and conduct federal elections separately from other elections. See generally S. Rep. No. 6, 103rd Cong. (1993).
With regard to the National Voter Registration Act, you pose the following question:
 What is the effective date of the National Voter Registration Act for Arkansas?
In my opinion, the answer to your question is that the National Voter Registration Act will take effect in Arkansas on January 1, 1996.
Section 13 of the National Voter Registration Act provides the following:
This Act shall take effect —
 (1) with respect to a State that on the date of enactment of this Act has a provision in the constitution of the State that would preclude compliance with this Act unless the State maintained separate Federal and State official lists of eligible voters, on the later of —
(A) January 1, 1996; or
 (B) the date that is 120 days after the date by which, under the constitution of the State as in effect on the date of enactment of this Act, it would be legally possible to adopt and place into effect any amendments to the constitution of the State that are necessary to permit such compliance with this Act without requiring a special election; and
 (2) with respect to any State not described in paragraph (1), on January 1, 1995.
National Voter Registration Act, Pub.L. No. 103-31, § 13,107 Stat. 77, 89 (1993).
Since, as previously stated, an amendment to the Arkansas Constitution is necessary in order to comply with the provisions of the National Voter Registration Act, Arkansas falls within the category of states described in paragraph (1) of Section 13 of the act, as set forth above. That provision states that the later of one of two dates, as listed and described therein, is to govern as the effective date of the act in states which fall within paragraph (1) of Section 13. One date listed in Section 13(1) is that of January 1, 1996. The other date is established by adding 120 days to the date by which it would be legallypossible, without requiring a special election, to adopt and place into effect any amendments to a state constitution that are necessary in order to comply with the National Voter Registration Act. (emphasis added.)
Pursuant to Section 19 of Amendment 51, the Arkansas General Assembly may, in the same manner as required for amendment of laws initiated by the people, amend sections 5 through 15 of Amendment 51. Therefore, it is legally possible for these provisions of the Constitution to be amended without calling a special election. Thus, with regard to the calculation of a date as described in Section 13(1) of the National Voter Registration Act, it is my opinion that, since the Arkansas General Assembly is scheduled to convene on the second Monday in January of 1995 (see A.C.A. § 10-2-101), it would be legally possible for Amendment 51 to be amended by the General Assembly, pursuant to Section 19 of the amendment, sometime in early 1995. With the addition of the 120-day period, as provided for in Section 13(1) of the act, this would mean that the effective date of the act would be sometime in the Spring of 1995. However, since Section 13(1) of the National Voter Registration Act states that thelater of the two dates listed therein (January 1, 1996 and the date calculated above) is to govern the effective date of the act, and since it is legally possible that the Arkansas General Assembly could amend Amendment 51 prior to January 1, 1996, the later date of January 1, 1996 governs as the effective date of the act in Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh